■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES MOORE, Respondent, v EVERETT W. JONES, as Superintendent of Great Meadow Correctional Facility, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered September 14, 1979 in Washington County, sustaining petitioner's application in a habeas corpus proceeding to the extent of ordering a time allowance hearing. On his plea of guilty of burglary in the third degree on June 16, 1976, the petitioner was sentenced to an indeterminate term of five years by the Monroe County Court. At that time, a tentative conditional release date of October 14, 1979 and a maximum expiration date of June 14, 1981 were assigned him. On June 28, 1979, the tentative conditional release date of October 14, 1979 was credited with 85 days of jail time and moved back to July 19, 1979. Based on this newly assigned date, the petitioner's "good time" credit had to be considered. On June 29, 1979, therefore, a time allowance committee meeting was held at Great Meadow Correctional Institution and the committee reviewed the petitioner's institutional record and permitted him to appear personally. Subsequently, petitioner was advised that the committee had unanimously decided to withhold 180 days that the petitioner lost at four prior superintendent's proceedings, for disciplinary violations. This 180-day or six-month period changed petitioner's earliest release eligibility date from July 19, 1979 to January 19, 1980. The superintendent confirmed this recommendation. On December 20, 1979 the petitioner again lost five months' good time for disciplinary violations, adjusting his conditional release date to June 19, 1980. Special Term erroneously construed 7 NYCRR 261.4 (b) to require a time allowance hearing on 48 hours notice in these circumstances and concluded that the writ should be granted to afford the petitioner such procedural due process. In fact, however, the petitioner was afforded the total amount of good time authorized by statute (Correction Law, § 803, subd 1), computed herein to be one year and eight months (one third of the five-year sentence imposed) reduced only by the six-month period lost for disciplinary violations in superintendent's hearings, leaving a maximum amount of good time available of one year and two months. The time lost as a result of superintendent's disciplinary hearings is specifically excepted from the provisions of 7 NYCRR 261.4 (a), providing for a time allowance hearing when a review of the file discloses that there may be sufficient reason not to recommend the granting of the total allowance authorized. Inasmuch as this specific exception was the only reduction applied against the petitioner's maximum good time allowance, he was not entitled to the hearing provided by 7 NYCRR 261.4. His situation is controlled by 7 NYCRR 261.3 (d), requiring only the file to be considered where the committee recommends the granting of the total allowance authorized. The petitioner has suffered no constitutional, statutory or regulatory deprivation (see *Matter of Amato v Ward,* 41 NY2d 469). Accordingly, the judgment of Special Term should be reversed and the writ denied. Judgment reversed, on the law, without costs, and writ dismissed. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.